UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBIE HARRIS, individually, and on behalf of all others similarly situated, | * * * |
| Plaintiff, | * * |
| v. | *   Case No.: _____ * |
| MEXICAN SPECIALTY FOODS, INC., d/b/a LA PAZ RESTAURANTE & CANTINA, | *   Jury Trial Requested * * * |
| Defendant. | * |

## COMPLAINT

COMES NOW Plaintiff Bobbie Harris ("Harris"), by and through her undersigned counsel of record, and shows the Court the following for her Complaint individually, and in behalf of all others similarly situated against Defendant Mexican Specialty Foods, Inc., d/b/a La Paz Restaurante & Cantina ("La Paz" or "Defendant").

### I.   JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 15 U.S.C. § 1681p. Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*, and the Fair and Accurate Credit Transactions Act, 28 U.S.C. § 1681(c) ("FACTA").

2.   Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant La Paz resides in this District and a substantial part of the wrongful acts and omissions committed by Defendant La Paz giving rise to Plaintiff's claims arose in this District.

1

## II.  PARTIES

3. Plaintiff Bobbie Harris at all times relevant to this action is and has been a citizen of the State of Alabama, residing in Birmingham, Alabama.

4. Defendant Mexican Specialty Foods, Inc., d/b/a La Paz ("Defendant" or "La Paz") is a foreign corporation with its principal place of business in Kennesaw, Georgia. Defendant operates restaurants at multiple locations in Georgia, North Carolina, Tennessee and Alabama, including La Paz Restaurante & Cantina located in Crestline, Alabama ("Crestline La Paz").

## III.  VIOLATION OF FACTA

5. Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., for the purpose of ensuring fair treatment of consumers in connection with numerous different consumer transactions.

6. In 2003, Congress enacted the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 28 U.S.C. § 1681(c)(g), which added to the existing provisions of the FCRA. FACTA was intended primarily to help consumers fight the growing crime of identity theft. Provisions for accuracy, privacy, limits on information sharing, and new consumer rights to disclosure are included in FACTA.

7. To protect and maintain as confidential information on customers' credit card receipts, FACTA imposes requirements on merchants regarding the truncation of credit card and debit card account numbers and expiration dates.

8. Specifically, 15 U.S.C. § 1681(c)(g) provides in relevant part as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the

>   point of the sale or transaction. (the "FACTA truncation requirement").

9. By its express terms, 15 U.S.C. § 1681(c)(g) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions." (15 U.S.C. § 1681(c)(g)(3)).

10. Crestline La Paz accepts credit cards and debit cards in the course of transacting business with customers such as the Plaintiff. In transacting this business, Defendant uses cash registers or other machines or devices that electronically print receipts for credit card and debit card transactions.

11. On October 2, 2007, Plaintiff Harris purchased lunch at Crestline La Paz and paid for this transaction with a credit card. Defendant, at the point of sale or transaction, provided Plaintiff with an electronically printed receipt. A true and correct copy of the credit card receipt tendered by Crestline La Paz to Plaintiff Harris is attached hereto and incorporated herein as Exhibit A.

12. When Plaintiff Harris was presented with this receipt, she noted that the receipt had not been truncated as required by FACTA. All of the numbers of Plaintiff's credit card were printed on her receipt, as was the expiration date for her credit card. The Crestline La Paz waitress then attempted to cross out the numbers preceding the last five numbers with a pen, but left the expiration date, on the customer copy of the receipt. However, , the transaction was processed by La Paz with all of the credit card numbers and the expiration date printed and visible on Plaintiff's customer receipt, without the truncation required by FACTA.

### IV.   LA PAZ'S CIVIL LIABILITY

13. Section 15 U.S.C. § 1681n provides for civil liability for willful non-compliance with the FCRA and FACTA.

14. Specifically, said Section provides for damages of "not less than $100 and not more than $1,000" or actual damages, whichever is greater for each willful violation of FACTA's truncation requirements.

15. FACTA was enacted in 2003. FACTA requires merchants who accept credit or debit cards to come into compliance with its requirements by December 4, 2006.

16. On information and belief, Defendant knew of and was informed about the requirements imposed by FACTA concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates on and after December 4, 2006.

17. Despite such knowledge concerning FACTA and its transaction requirements and having three years to comply, Defendants knowingly, willfully, intentionally, and/or recklessly violated, and continue to violate, FACTA's requirements. Specifically, Defendant printed more than the last five digits of credit card or debit card numbers and/or printed expiration dates on customer receipts provided to the cardholders with whom they transacted business, including the Plaintiff at La Paz Crestline and continue to do so.

18. Plaintiff alleges such willful failure, on information and belief, based upon actual knowledge by Defendant that it was in violation of the FACTA or, alternatively, that Defendant acted recklessly and with reckless disregard of Plaintiffs and other consumers under FACTA at La Paz Crestline.

## V. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20. The two classes which Plaintiff seeks to represent are defined as:

       Class A:  With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005: Persons who, on or after December 4, 2006, provided credit cards or debit cards for the transaction of business to Defendant at the Crestline La Paz and who were provided an electronic receipt on which more than the last five digits of the consumer's credit or debit card numbers and/or the expiration date were printed.

       Class B:  With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put in to use on or after January 1, 2005:
Persons who provided credit cards or debit cards for the transaction of business to Defendant at the Crestline La Paz and who were provided an electronic receipt on which more than the last five digits of the consumer's credit or debit card numbers and/or the expiration date were printed.

21. Excluded from the Plaintiff Class are Defendant and its officers, directors and employees.

22. Numerosity (Fed. R. Civ. P. 23(a)(1)):  The Plaintiff Class is so numerous that joinder of all individual members is impracticable.  The disposition of their claims through this class action will benefit both the parties and the Court.

23. Plaintiff alleges, on information and belief, that there are, at a minimum, hundreds of members that compromise the Plaintiff Class.

24. The exact size of the Plaintiff Class and the identity of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

25. Members of the Plaintiff Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

26. Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire Plaintiff Class. The claims of the Plaintiff and members of the Plaintiff Class are based on the same legal theories and arise from the same unlawful conduct.

27. Plaintiff and the members of the Plaintiff Class were each customers of Defendant and made a purchase or otherwise transacted other business with Defendant on or after December 4, 2006 using a credit and/or debit card. At the point of such sale or transaction with the Plaintiff and the members of the Plaintiff Class, Defendant provided Plaintiff and each member of the Plaintiff Class a receipt that violated 15 U.S.C. § 1681c(g) in that more than the last five digits of the credit or debit card number and/or the expiration date of the card were printed.

28. Common Questions of Fact and Law (Fed. R. Civ. P. 23(a)(2)) and (b)(3): There are a well-defined community of interest and common questions of fact and law affecting the Plaintiff and the members of the Plaintiff Class.

29. The questions of fact and law common to the Plaintiff Class predominate over questions which might affect individual members, and include the following:

(a) Whether Defendant's conduct of providing Plaintiff and the members of Class A and Class B with sales or transaction receipts that included more than the last five digits of the credit card or debit card number and/or the expiration date for the card violated FACTA, 15 U.S.C. § 1681, et seq;

(b) Whether Defendant's conduct was willful;

(c) Whether Plaintiff and the members of Class A and Class B are entitled to statutory damages, punitive damages, costs or attorneys' fees based upon Defendant's acts and conduct.

30. Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)): Plaintiff is an adequate representative of Class A and Class because her interests do not conflict with the interests of the members of Class A and Class B, the two classes she seeks to represent. Plaintiff will fairly, adequately and vigorously represent and protect the interests of Class A and Class B and has no interests antagonistic to the members of Class A or Class B. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

31. Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B. While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial, the damages suffered by the individual members of CLASS A and CLASS B are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B. The likelihood of the individual members of CLASS A and CLASS B prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

32.     Injunctive Relief: Defendant has acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to CLASS A and CLASS B as a whole.

### VI.     FIRST CAUSE OF ACTION
### For Violation of 15 U.S.C. §§1681 *et seq.*
### (On Behalf of Plaintiff and the Members of CLASS A and CLASS B)

33.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

34.     Plaintiff asserts this claim on behalf of herself and CLASS A and CLASS B against Defendant.

35.     Title 15 U.S.C. §1681c(g)(I) provides that:

...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

36.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681 c(g)(l).

37.     With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(l) on or after December 4, 2006.

38.     Defendant transacts business in Alabama and accepts credit cards and/or debit cards in the course of transacting business at Crestline La Paz with persons such as Plaintiff and the members of CLASS A and CLASS B. In transacting such business, Defendant uses cash

8

registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

39. After the passage of FACTA in 2003, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including the specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

40. Despite knowing and being repeatedly informed about FACTA and its truncation requirement, and despite having three years to comply with FACTA's requirements, Defendant willfully violated, and continues to violate, FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of CLASS A and CLASS B, persons with whom Defendant transacts business at Crestline La Paz.

41. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

42. Instead, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

43. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of CLASS A and CLASS B thereby exposing Plaintiff and the members of CLASS A and CLASS B to an increased risk of identity theft and credit and/or debit card fraud.

44. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of CLASS A and CLASS B in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(l)(A).

45. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

46. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

47. Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in its willful conduct.

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff on behalf of herself and the members of CLASS A and CLASS B, prays for:

   a. An order certifying CLASS A and CLASS B and appointing Plaintiff as the representative of CLASS A and CLASS B, and appointing counsel for Plaintiff as counsel for CLASS A and CLASS B;

   b. An award to Plaintiff and the members of CLASS A and CLASS B of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations;

c.  An award to Plaintiff and the members of CLASS A and CLASS B of punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

d.  Payment of costs of suit herein incurred pursuant to, *inter alia,* 15 U.S.C. §1681 n(a)(3);

e.  Payment of reasonable attorneys' fees pursuant to, *inter alia,* 15 U.S.C. §1681n(a)(3);

f.  A permanent injunction enjoining Defendant from engaging m conduct m violation of the requirements set forth in FACTA; and

g.  For other and further relief as the Court may deem proper.

**<u>Plaintiff hereby requests trial by jury.</u>**

/s/ Jonathan H. Waller
JONATHAN H. WALLER
EDWARD E. ANGWIN

Waller Law Office
2140 11th Avenue South, Suite 222
Birmingham, AL 35205
(205) 933-5421
Fax: (205) 933-5451


PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:
Mexican Specialty Foods, Inc.
d/b/a La Paz
c/o Registered Agent, Ellen Prince
1275 Shiloh Road, Suite 2950
Kennesaw, GA 30144

11